**FILED**

APR 16 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,               )
                                )
vs.                             )   Case No. 89-CR-072-TCK
                                )
BILLY G. HARRIS,                )
                                )
        Defendant.               )

## OPINION AND ORDER

On April 5, 2010, Defendant Billy Gene Harris, a federal prisoner presently in custody at FCC Forrest City, located in Forrest City, Arkansas, filed a petition for "writ of error *audita querela*" pursuant to Title 28 USC § 1651 (Dkt. # 234). For the reasons discussed below, the Court finds that the petition for writ of error *audita querela* should be denied.

The docket sheet for this case reveals that on December 1, 1989, or more than twenty (20) years ago, a jury found Defendant guilty of two counts of First Degree Murder. On January 30, 1990, Defendant was sentenced to life imprisonment without the possibility of parole on each count and ordered to pay restitution in the amount of $11,690.21. Judgment (Dkt. # 98) was entered on January 30, 1990. Defendant appealed. On February 21, 1992, the Tenth Circuit Court of Appeals affirmed the convictions, but vacated the order of restitution and remanded for reconsideration of that issue. United States v. Harris, 956 F.2d 279 (10th Cir. 1992) (unpublished). On remand, the court ordered Defendant to make restitution in the amount of $11,690 with Defendant's liability being joint and several with his co-defendant. Defendant again appealed. On November 2, 1993, the Tenth Circuit affirmed. United States v. Harris, 7 F.3d 1537 (10th Cir. 1993). The United States



Supreme Court denied Defendant's petition for writ of *certiorari* on July 1, 1992. Harris v. United States, 504 U.S. 962 (1992).

Defendant has made numerous attempts to challenge his convictions under 28 U.S.C. § 2255. On April 28, 1997, Defendant filed his first § 2255 motion (Dkt. # 184). That motion was denied by Order filed July 29, 1998 (Dkt. # 198). Defendant appealed. The Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. See Dkt. # 205. On October 11, 2005, Defendant filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. # 214). The Court construed Defendant's motion for relief from judgment as a second or successive 28 U.S.C. § 2255 motion filed without authorization and transferred that motion to the Tenth Circuit Court of Appeals. On May 18, 2006, the Court received the Tenth Circuit's order denying authorization (Dkt. # 218). On February 8, 2007, Defendant filed another unauthorized § 2255 motion (Dkt. # 220). The Court again transferred the unauthorized § 2255 motion to the Tenth Circuit and the Tenth Circuit again denied authorization. See Dkt. # 225. On October 30, 2008, Defendant filed a fourth motion seeking post-conviction relief (Dkt. # 229). He identified one ground for relief: a challenge to the Court's jurisdiction to try him on criminal charges.[1] Defendant alleged that the Court lacked jurisdiction under either 18 U.S.C. § 1153 or § 1152, because he "is not an Indian, and as the loci of the offense was not 'Indian Country,' and had no 'Indian title.'" See Dkt. # 229, attached "Memorandum of Law in Support." The Court recognized that the first page of the § 2255 bears the hand-written notation, "[t]his is (not) a motion for a successive 2255." See Dkt. # 229. Nonetheless,

---

[1] Defendant has also previously challenged the Court's jurisdiction in two (2) separate 28 U.S.C. § 2241 actions filed in N.D. Okla. Case Nos. 03-CV-719-TCK and 04-CV-901-HDC. In both of those cases, Defendant was advised that 28 U.S.C. § 2255 provides the exclusive remedy for his claim and that he would be required to obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second § 2255 motion in this District Court.

Defendant was advised that he cannot avoid the filing limitations placed on seeking relief under § 2255 by simply stating that the motion is not a successive § 2255 motion.

Despite all of those rulings, Defendant filed the instant petition for "writ of error *audita querela*" and again requests that the judgment and sentence entered against him in this case more than twenty (20) years ago be vacated. See Dkt. # 234. The first sentence of the petition reads "THIS IS NOT A MOTION PURSUANT TO TITLE 28 U.S.C. § 2255." Id. Defendant states on the first page of his motion that the judgment entered by this Court "was correct when rendered, but now is infirmed [sic] by matters of law arising after the judgment's rendition." Id. He asserts that the holdings of Jones v. United States, 526 U.S. 227, 230 (1999); Apprendi v New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005); and United States v. Fanfan, 543 U.S. 220 (2005), govern his case and "represent newly created rights"[2] and none of his "claims are cognizable under any other existing scheme of Federal post-conviction remedies." See Dkt. # 234. As a result, Defendant contends that the writ of *audita querela* provides the proper remedy for the relief he seeks under the facts of this case.

"According to its ancient precepts, the writ of *audita querela* was invented to afford relief in behalf of one against whom execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof." Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946). Unlike *coram nobis*, which is "used to attack a judgment that was infirm at the time it issued,

---

[2]None of the opinions cited by Defendant has been made retroactively applicable to cases on collateral review. See, e.g., United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that Booker is not to be applied retroactively); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that Apprendi is not to be applied retroactively).

for reasons that later came to light," *audita querela* is "used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Torres, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002) (brackets and internal quotation marks omitted). As a threshold matter, there is uncertainty over the ancient writ's availability in the criminal context. Federal Rule of Civil Procedure 60 formally abolished both *audita querela* and *coram nobis* in civil cases. See Fed.R.Civ.P. 60(e). Although the Supreme Court has held that *coram nobis* is nonetheless available in the criminal context through the All Writs Act, see United States v. Morgan, 346 U.S. 502, 507-10 (1954), there is no comparable Supreme Court holding with respect to *audita querela*, and the Tenth Circuit has observed that "[a]t least four of our sister circuits have questioned whether *audita querela* may also be used to vacate an otherwise final criminal conviction under the All Writs Act, . . . ." Torres, 282 F.3d at 1245 n. 6 (internal quotation marks omitted).

In this case, the Court finds it unnecessary to determine whether *audita querela* is available to vacate a legally valid conviction under the All Writs Act. In his petition, Defendant sets forth grounds of error allegedly impacting the validity of his convictions. Defendant remains in custody serving the challenged convictions. As has been explained repeatedly to Defendant in past orders, the exclusive post-conviction remedy for errors challenging the validity of a federal conviction is provided by 28 U.S.C. § 2255. The Tenth Circuit has stated that "a writ of *audita querela* is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255," Torres, 282 F.3d at 1245 (internal quotation marks omitted), and that a petitioner cannot "avoid the bar against successive § 2255 petitions by simply styling a petition under a different name," id. at 1246. See also Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) (stating that "the mere fact [a petitioner] is precluded from filing a second § 2255 petition does not

4

establish that the remedy in § 2255 is inadequate" and therefore unavailable as a remedy). Because § 2255 provides the exclusive remedy for the claims asserted in the petition, Defendant has failed to justify issuance of a writ of *audita querela*. Defendant's petition for writ of error *audita querela* shall be denied.

The Court could recharacterize the petition as a § 2255 motion. However, the Court declines to do so since the applicable limitation period has long expired and, as discussed above, Defendant has previously filed multiple § 2255 motions. See United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (2005) (holding that a district court does not abuse its discretion in declining to recast pleadings as a § 2255 motion when relief would be "facially barred as untimely . . . or as second or successive under 28 U.S.C. § 2255") (internal citation and quotation omitted).

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's petition for writ of error *audita querela* (Dkt. # 234) is **denied**.

DATED THIS 16 day of April, 2010.

TERENCE KERN
UNITED STATES DISTRICT JUDGE