# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 89-CR-72-TCK |
| | ) | |
| BILLY GENE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 253). The United States filed a response to the Motion (Doc. 255), and Defendant filed a reply (Doc. 257).

**I. Factual Background**

On February 25, 1989, Billy Gene Harris ("Defendant") and Eugene Sides ("Sides") murdered Joseph and Gloria Cheshewalla, an elderly couple who lived on Indian land in Pawhuska. The decedent, Joseph Cheshewalla, was a retired Phillips Petroleum Company employee. His wife, Gloria Cheshewalla, was a prominent Osage historian and craftswoman. They lived on a 400 acre ranch.

Defendant had grown up in the area and devised a plan with Sides to rob the Cheshewallas because he thought they had substantial money in their home. Defendant and Sides arrived at the Chesewallas' home in February 1989, each carrying a handgun. They cut the phone lines, and after Sides entered the house and gave a pre-arranged signal, Harris entered wearing a mask and gloves. Sides duct-taped Mr. Cheshewalla's wrists, and the pair moved him to a bedroom. They left Mrs.

Cheshewalla, who was still weak from a recent cancer surgery, in the living room. The men ransacked the house, taking jewelry, money, guns, and other property. While they were transporting the property to their truck, Mr. Cheshewalla managed to partially free himself. In the ensuing struggle, Sides attempted to choke him with a belt, and eventually shot him in the head with a .357 Magnum pistol. Defendant then fired an additional shot into Mr. Cheshewalla's head with a .22 caliber pistol. Defendant and Sides then returned to the living room, where they each shot Mrs. Cheshewalla in the head.

**II. Procedural Background**

In 1989, a jury convicted Defendant of two counts of murder in the first degree for the killings of Joseph and Gloria Cheshewalla. The Presentence Report set the base level for each separate murder at 43 and added two levels to each count because each victim was unusually vulnerable due to their age, a fact known to Defendant. Defendant's long criminal history led to his classification as a career offender. As a result, he faced both a statutory sentence and a guidelines range requiring a sentence of life in prison. Judge Thomas Brett sentenced Defendant to life in prison. Defendant appealed, and the Tenth Circuit affirmed his convictions and life sentence. *United States v. Harris*, 956 F.2d 279, 1992 WL 33210 (10th Cir. 2011) (unpublished) (conviction affirmed but remanded on matter of restitution); *United States v. Harris*, 7 F.3d 1537 (10th Cir. 1993) (restitution affirmed).

Defendant has repeatedly challenged his conviction and sentence. In 1997, Defendant filed his first motion under 28 U.S.C. § 2255, which was denied. Since then, Defendant has filed numerous successive § 2255 motions, seeking to overturn his conviction. (See Doc. 247; In re: Billy Gene Harris, No. 13-5056, Order filed May 24, 2013 at n. 1 (listing prior litigation)).

In 2019, Defendant requested compassionate release from the Bureau of Prisons, asserting that he was old, in bad health, and had been a model prisoner. On July 5, 2019, the Warden at Defendant's Bureau of Prisons facility responded that the prison would not pursue a request for compassionate release on his behalf. While acknowledging that Defendant met the age and time served requirements, the Bureau of Prisons denied his request because he had not shown "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." The Bureau of Prisons further explained that based on the seriousness of both his offense and his criminal history, it would not recommend a reduction in sentence. Defendant appealed, but the Bureau of Prisons denied his appeal at each level.

In this case, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), pursuant to recent amendments to that section under the First Step Act of 2018. (Doc. 253). In support of his motion, Defendant requests a reduction under BOP Program Statement 5050.50, because he is over 70 years old, and has served 30 years in jail. (Doc. 253 at 6).

### III. Analysis

The First Step Act permits sentence reductions only for "extraordinary and compelling reasons." The First Step Act took effect on December 21, 2018, adopting a variety of criminal justice reforms, including a change to the Compassionate Release provision in 18 U.S.C. § 3582 (c)(1)(A). First Step Act of 2018, Pub. L. 115- 391, 132 Stat. 5194 (2018). Previously, the statute identified an exception to the general rule that sentences may not be modified once imposed. It had allowed a district court to modify a defendant's sentence if, after the Director of the Bureau of Prisons filed a motion seeking a modification, the court considered the § 3553(a) factors, and found either (i) "extraordinary compelling reasons," or (ii) that an elderly defendant had served at least 30 years of a mandatory life term under § 3559(c) and did not pose a danger to the community,

and that the reduction was "consistent with applicable policy statements issued by the Sentencing Commission." The First Step Act provided an avenue for seeking compassionate relief under 18 U.S.C. § 3582(c)(1)(A) when the Director of the Bureau of Prisons had failed or declined to do so. Under those circumstances, the amended statute added an avenue allowing defendants to file compassionate relief motions on their own behalf, provided the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court finds a reduction in Defendant's sentence would not be consistent with the Sentencing Commission's applicable policy statements. The First Step Act did not change the standards for compassionate sentence reductions. Although the First Step Act amended § 3582(c)(1)(A) to permit inmates to file their own motions seeking compassionate release, it did not alter the requirements for granting such a motion. Significantly, in order to grant compassionate release motions, courts must still find either that an inmate is over 70 and meets the other requirements of § 3582(c)(1)(A)(ii), or that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In this case, the Court finds Defendant does not meet the criteria for a reduction under §3582(c)(1)(A)(i), and reducing his sentence based on his age, after he took advantage of the victims' age and vulnerability to rob and murder them, would minimize the severity of his offense. Moreover, Defendant's criminal history contains multiple serious offenses, including two escapes, three robberies with weapons, and a kidnapping. The reasons Defendant presents in support of his motion are neither extraordinary nor compelling.

Accordingly, Defendant's Motion for Compassionate Release under the First Step Act (Doc. 253) is **DENIED.**

**IT IS SO ORDERED this 2nd day of April, 2020.**

TERENCE C. KERN
United States District Judge